**Affirmed and Opinion Filed June 28, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-01078-CR**

**No. 05-21-01079-CR**

**HUGO INFANTE-ESQUIVEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-35842-N & F21-33771-N**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Myers

A jury convicted appellant Hugo Infante-Esquivel of continuous sexual abuse of a child and the trial court assessed punishment at fifty years in prison. In one issue, appellant argues the judgment in each case should be reformed to reflect that punishment was assessed by the court, not the jury. As modified, we affirm the judgments.

### Discussion

In the same issue in both cases, appellant argues the judgments should be modified because they incorrectly state that punishment was assessed by the jury

when it was actually assessed by the trial court.  The State agrees and argues that the judgment in each case also incorrectly lists the name of the attorney for the State as "Catherine Suggs" when it was Ann Duffy that represented the State.  Additionally, the State argues that the judgment in 05-21-01079-CR incorrectly describes the offense for which the defendant was convicted as "Sex Abuse Continuous Chile Under 14 Years of Age," and incorrectly states that the statute for the offense was "22.02 Penal Code" when it was 21.02 of the Texas Penal Code.  We agree with all these contentions.

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc when the evidence necessary to correct the judgment appears in the record.  *Asberry*, 813 S.W.2d at 530.

Accordingly, we reform the judgments as follows:

The portion of each judgment entitled "Attorney for State" is changed from "Catherine Suggs" to "Ann Duffy."

The portion of each judgment entitled "Punishment Assessed by" is changed from "Jury" to "Court."

The portion of the judgment in 05-21-01079-CR entitled "Offense for Which Defendant Convicted" is changed from "SEX ABUSE CONTINUOUS CHILE UNDER 14 YEARS OF AGE" to "SEX ABUSE CONTINOUS CHILD UNDER 14 YEARS OF AGE."

The portion of the judgment in 05-21-01079-CR entitled "Statute for Offense" is changed from "22.02 Penal Code" to "21.02 Penal Code."

As modified, we affirm the trial court's judgments.

/Lana Myers//
LANA MYERS

211078f.u05        JUSTICE
211079f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

HUGO INFANTE-ESQUIVEL,
Appellant

No. 05-21-01078-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-35842-N.
Opinion delivered by Justice Myers.
Justices Carlyle and Goldstein
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> The portion of the judgment entitled "Attorney for State" is changed from "Catherine Suggs" to "Ann Duffy."

> The portion of the judgment entitled "Punishment Assessed by" is changed from "Jury" to "Court."

As **REFORMED**, the judgment is **AFFIRMED**. The trial court is directed to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment in this case.

Judgment entered this 28th day of June, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HUGO INFANTE-ESQUIVEL,
Appellant

No. 05-21-01079-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-33771-N.
Opinion delivered by Justice Myers.
Justices Carlyle and Goldstein
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the judgment entitled "Attorney for State" is changed from "Catherine Suggs" to "Ann Duffy."

The portion of the judgment entitled "Punishment Assessed by" is changed from "Jury" to "Court."

The portion of the judgment entitled "Offense for Which Defendant Convicted" is changed from "SEX ABUSE CONTINUOUS CHILE UNDER 14 YEARS OF AGE" to "SEX ABUSE CONTINUOUS CHILD UNDER 14 YEARS OF AGE."

The portion of the judgment entitled "Statute for Offense" is changed from "22.02 Penal Code" to "21.02 Penal Code."

As **REFORMED**, the judgment is **AFFIRMED**. The trial court is directed to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment in this case.

Judgment entered this 28th day of June, 2022.